————o————

## No. 6757.

## WIDOW BERNARD SCARIANA v. N. O. RAILWAY & LIGHT CO. ET AL.

### Syllabus.

1. A petition which charges plaintiff's damages to the joint negligence of two defendants and sets forth facts sufficient to constitute a cause of action against both states a cause of action against both defendants notwithstanding a superfluous allegation to the effect that the negligence of one of the defendants was the "proximate cause" of plaintiff's injuries.

2. The motorman of an electric car, meeting a vehicle coming in an opposite direction, has a right to go forward as soon as the track ahead is clear, and as his duty requires him to keep watch forward, a collision at

16

or near the rear end of his car is not attributable to negligence on his part.

3. The driver of an animal must see that it keeps its feet so as not to injure others by its stumbling. He must know the nature of the road he travels; and if it offer no safe footing for his animal whilst moving, he should stop to allow such vehicles to pass him as by their nature cannot move out of his way, such as street cars.

Appeal from the Civil District Court, Parish of Orleans, No.109,903. Division "D" Honorable PORTER PARKER, Judge. Reversed.

S. F. Gautier, for plaintiff and appellee.

Dart, Kernan & Dart, for defendant and appellant.

U. Marinoni, attorney.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is an action for damages against the Street Railway Company and Vincent S. Dantoni.

Plaintiff was injured whilst a passenger on one of the railway cars, by reason of the shaft of Dantoni's wagon being thrust through the window of the car and striking her, whereby she was lacerated and bruised about the face, arms and body and suffered a nervous shock from which she recovered in about a month or six weeks.

The trial Judge fixed her injuries at two hundred and fifty dollars (which considering the nature thereof we think sufficient) and judgment against the railway company but discharged Dantoni.

The railway company and the plaintiff have both appealed.

There is a great deal of testimony, said to be conflicting, but in point of fact not at all so. The car was proceeding along Ursulines Street, between Royal and Chartres, when it met Dantoni's wagon coming in the opposite direction. The car slowed down, allowed the wagon to leave the track, and when the track was clear started ahead to pass the wagon; which however continued on its way. When the mule's head had reached the middle of the car, the mule slipped on the cobblestones and fell toward the car. The shaft struck the car about the middle, glanced upwards, went through the window, and injured plaintiff as above stated.

As the motorman had an undoubted right to proceed as soon as the track ahead of him was clear, and his duties called upon him to keep a watch forward, it is clear that what occurred twenty feet behind him cannot be attributable to any negligence on his part.

On the other hand it is manifestly the duty of the driver of an animal to see that the animal keeps its feet, so as not to injure others by its stumbling. It is his duty to know the nature of the road over which he travels, and if that road offers no safe footing for his animal whilst moving, he should stop to allow such vehicles to pass him as by their nature cannot move out of his way, such as street cars.

We are clearly of opinion that the fault was not with the motorman, but with the driver of Dantoni's wagon.

## II.

The defendant, Dantoni, filed below, and again in this Court, an exception of no cause of action, because of an allegation in the petition that the negligence of the motorman was the proximate cause of plaintiff's injury. If this

allegation stood alone there might be some merit in the plea; but such is not the case, as the petition further declares that the injury was caused by the joint negligence of the motorman and driver, and in addition states facts which do set forth a cause of action.

The exception is therefore without merit.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of Widow Bernard Scariana and against Vincent S. Dantoni for the full sum of Two Hundred and Fifty Dollars, with legal interest from April 24th, 1916, until paid and her costs in both courts.

It is further ordered that plaintiff's demand against the New Orleans Railway & Light Company, be rejected at her costs in both courts.

Opinion and decree, October 23, 1916.

Rehearing granted, December 4, 1916.

## On Rehearing.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

The rehearing was granted because we apprehended that our decree might be erroneous in condemning plaintiff for the costs incurred in the attempt to hold the New Orleans Railway & Light Company liable in the premises. We find, however, that the issue directly presented by plaintiff herself, on appeal as well as in the trial Court, was not which of the two defendants was responsible to her, but whether or not both might not be made to respond in damages solidary as joint tort feasors. And having established the right to hold one defendant only, we find no just ground for relieving her of liability for the costs thus unnecessarily incurred in her vain effort to hold the other.

19

Our previous opinion and decree are accordingly reinstated and made the judgment of this Court.

Previous decree reinstated.

Opinion and decree, January 9, 1917.

———o———